**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**REX M. MARTINEZ, ESQ.**
Nevada Bar No. 15277
E-mail: rmartinez@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 805-8340
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DESTINI LAWVER, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> CERTAINTEED GYPSUM MANUFACTURING, INC., a domestic Company; DOES I -X; ROE CORPORATIONS I -X. <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT AND JURY DEMAND** |

The Plaintiff DESTINI LAWVER ("Ms. Lawver" or "Plaintiff") by and through her attorneys, Jenny L. Foley, Ph.D., Esq. and Rex M. Martinez, Esq., of HKM Employment Attorneys LLP, hereby complains and alleges as follows:

**JURISDICTION**

1.   This is an action for damages brought by Plaintiff for unlawful workplace discrimination based on age, sex, national origin and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*; the Equal Pay Act of 1963 ("Equal Pay Act"), 29 U.S.C., Chapter 8 sec. 206(d); and for violation of Nevada Revised Statute §613.330 *et seq.*.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f)(3) (unlawful discrimination and retaliation in employment). Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. § 1367.

3. All material allegations contained in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

**EXHAUSTION OF ADMINISTRATIVE REMEDY**

4. On or about February 3, 2021, Plaintiff initiated the process of filing a Charge of Discrimination against her former employer, the Defendant named in this action with the Equal Employment Opportunity Commission wherein she alleged discrimination based on sex, retaliation, and violations under the Equal Pay Act.

5. On or about March 29, 2021, Plaintiff received her Notice of Right to Sue from the EEOC.

6. This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

7. Plaintiff has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

**GENERAL ALLEGATIONS**

8. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

9. Plaintiff is a United States citizen and current resident of Las Vegas, Nevada.

10. Defendant CERTAINTEED GYPSUM MANUFACTURING, INC. ("Defendant" or "CertainTeed") is a Domestic Company and an employer in the State of Nevada.

11. At all times relevant to this matter, Defendant had over 100 employees, and is therefore subject to the provisions of Title VII and the EPA.

12. Plaintiff began working for CertainTeed in 2013 as a Laborer in Cody,

Wyoming, but she was quickly promoted to Shift Lead at the Cody, Wyoming plant.

13. Plaintiff was such an exceptional employee that she was specifically sought out and recruited by Defendant to become their first Production Superintendent, a new position that Plaintiff was so successful at that they expanded it to other plants.

14. Thereafter, because of Defendant's recognition of Plaintiff's accomplishments in the Production Superintendent role, Plaintiff received unsolicited job postings for other plants.

15. Plaintiff moved to Las Vegas in December 2016 as she was promoted to Production Superintendent.

16. Upon Plaintiff's hiring at the Las Vegas Gypsum plant, it was agreed to that Plaintiff would make a salary of $80,000.00 per year, with annual raises and benefits.

17. Upon information and belief, Plaintiff requested a salary of $85,000 per year but was told there was no room in the budget.

18. As a Production Superintendent, Plaintiff's work responsibilities included managing employees, materials, and equipment, supervising all employees in the Production Department, as well as the effective use of the Area Improvement Boards and the World Class Manufacturing ("WCM") toolset.

19. Upon information and belief, Mr. Amand Keller was hired in April 2017 as a Shift Lead and Supervisor at the Las Vegas plant.

20. Upon information and belief, Mr. Keller was promoted to Production Superintendent, the position held by Plaintiff, in approximately September or October of 2018.

21. In addition, upon information and belief, Defendant gave Mr. Keller a significant raise of approximately $8,000 a year before Defendant even approached Plaintiff about changing positions.

22. Upon information and belief, this meant that Mr. Keller was being paid a significantly higher amount while he held a lower position than Plaintiff.

23. While Mr. Keller was getting promoted, the Company proposed that Plaintiff change job titles at the same time.

24. During this time, upon information and believe, Plaintiff' also requested that she be paid $85,000 for the position in accordance with the standard salaries, raises, and bonus that were already being provided to employees at her level or below, including the compensation that Mr. Keller was already being paid and/or offered that amount.

25. However, Plaintiff never accepted the new position and never said she would accept it because it never materialized.

26. Upon information and belief, Patrick Chambers, Plaintiff's supervisor, told Plaintiff that she would have to vacate her position prior to them hiring Mr. Keller up to fill that position in accordance with corporate guidelines.

27. Despite this statement by Mr. Chambers, Mr. Keller was promoted into Plaintiff's position while she was still in it, violating corporate guidelines.

28. Nevertheless, despite Plaintiff being offered this other position while being pushed aside for Mr. Keller, there was no proposed pay raise, no written job description, and no specific title proposed for the new position.

29. Plaintiff never received an official offer for the new position that was never created, and as such, Plaintiff never vacated her position.

30. As Plaintiff remained in the same position, she had the same expectations, job duties, and responsibilities as she was still a Production Superintendent.

31. However, at the same time, Plaintiff was being given more responsibilities and she was often expected to do her bosses' job of Production Manager, which included doing their payroll and corporate reporting for them.

32. Upon information and belief, Plaintiff was informed by Mr. Chambers that there existed a major pay discrepancy between Plaintiff and Mr. Keller, despite being in the same position.

33. Shortly thereafter, upon information and belief, Jocelyn Hernandez, an HR Manager, told Plaintiff in approximately January/February of 2019 that the new position would not materialize because Defendant was "not supposed" to have two Production Superintendents.

34. During this time, upon information and belief, Plaintiff was not only forced to fulfill her previous contractual obligations, but she was also expected to perform duties outside of her contractual obligations and agreements.

35. Ms. Hernandez told Plaintiff that she and Thiago Sposito, the Plant Manager, did not want to "call attention" to the fact that there were two Production Superintendents at the Las Vegas Gypsum plant.

36. Similarly, Defendant, upon information and belief, segregated Plaintiff in a distinct work zone without other employees to support or assist Plaintiff.

37. Shortly thereafter, Plaintiff, upon information and belief, questioned why she was being ostracized, excluded from union and management meetings, as well as why she was being required to complete Mr. Keller's paperwork.

38. Plaintiff spoke with the Production Manager, Andrew Jarvey, in early October 2019 about the fact that Mr. Keller was being paid more and that Plaintiff was covering his work.

39. Plaintiff, upon information and belief, specifically stated, "I feel that the only reason I am paid less and treated like a secretary (i.e stuck doing [Mr. Keller's] paperwork and not included in any union or management meetings) is because I'm a woman," or something similar to that effect.

40. In response, Mr. Jarvey told Plaintiff that he was not allowed to discuss another employee's salary with her and made it clear that she should not raise the issue again.

41. Upon information and belief, Mr. Keller was making approximately $93,000 per year, compared to Plaintiff who was making approximately $84,000 per year, despite the fact that Mr. Keller had less experience than Plaintiff.

42. Upon information and belief, St. Gobain, which owns CertainTeed, purchased Continental Building Materials in early 2020.

43. Thereafter, upon information and belief, St. Gobain decided to merge CertainTeed and Continental Building Materials, which was completed in March 2020.

44. In mid-April 2020, Plaintiff was told that her position going to be eliminated and

she would be furloughed until June 30, 2020.

45. Plaintiff was terminated on or about June 30, 2020.

46. In contrast, Mr. Keller, who was promoted after Plaintiff, made more money during his tenure in the same position, and had less experience and tenure with the Company remained as the sole Production Superintendent in Las Vegas.

47. Plaintiff is unaware of any employee furloughed or eliminated in the Las Vegas Gypsum plant, other than herself.

48. Upon information and belief, Plaintiff's ending salary was approximately $86,000 per year plus benefits.

49. Plaintiff was an exemplary employee who always fulfilled her job requirements and never had any complaints made against her.

## FIRST CAUSE OF ACTION

### (Discrimination Based on Sex in violation of State and Federal Statutes)

50. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

51. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on sex.

52. Defendant as an employer is subject to Nevada and federal statutes prohibiting discrimination, Title VII 42 U.S.C. § 2000e-3 and NRS 613.330 et. seq., has a legal obligation to provide Plaintiff and all employees with an environment that is free from discriminatory practices.

53. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff by knowingly favoring employees not of Plaintiff's protected class.

54. Defendant discriminated against Plaintiff when it failed to treat her the same way as similarly situated employees not of Plaintiff's protected class.

55. No other similarly situated persons, not of Plaintiff's protected class were subject to the same or substantially similar conduct.

56. Plaintiff suffered adverse economic impact due to being refused the same

1 advancement opportunities as her male counterparts and because of Defendant's willful failure
2 to promote her as promised.

3     57.    Plaintiff was embarrassed, humiliated, angered and discouraged by the
4 discriminatory actions taken against her.

5     58.    Plaintiff suffered compensable emotional and physical harm, including but not
6 limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful
7 discrimination by her employer.

8     59.    Plaintiff is entitled to be fully compensated for her emotional disturbance by
9 being forced to endure this discrimination.

10     60.    Pursuant to 1991 Amendments to Title VII, Plaintiff is entitled to recover
11 punitive damages for Defendant's intentional repeated violations of federal and state civil
12 rights laws.

13     61.    Plaintiff suffered damages in an amount deemed sufficient by the jury.

14     62.    Plaintiff is entitled to an award of reasonable attorney's fees.

15     63.    Defendant is guilty of oppression, fraud or malice, express or implied as
16 Defendant knowingly and intentionally discriminated against Plaintiff because of her sex.

17     64.    Therefore, Plaintiff is entitled to recover damages for the sake of example, to
18 deter other employers from engaging in such conduct and by way of punishing Defendant in
19 an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION

**(Retaliation under Federal Law, 42 U.S.C. § 2000e *et seq.* and State Law, NRS 613.340)**

23     65.    Plaintiff incorporates all of the allegations in the preceding paragraphs as
24 though fully set forth herein.

25     66.    In violation of 42 U.S.C § 200e-3, Defendant retaliated against Plaintiff after
26 she complained of acts which she reasonably believed were discriminatory.

27     67.    In violation of NRS 613.340 Defendant retaliated against Plaintiff after she
28 complained of acts, which she reasonably believed were discriminatory.

68. After Plaintiff complained that she was being paid less than her male counterpart, Defendant ostracized Plaintiff, removed her from union and management meetings, forced her to satisfy all of her job functions while also completing Mr. Keller's work, as well as furloughed and terminated Plaintiff.

69. There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff.

70. The actions and conduct by Defendant constitute illegal retaliation which is prohibited by federal and state statutes.

71. Plaintiff suffered damages in an amount deemed sufficient by the jury.

72. Plaintiff is entitled to an award of reasonable attorney's fees.

73. Defendant is guilty of oppression, fraud or malice, express or implied because Defendant knowingly and intentionally retaliated against Plaintiff because she complained of acts she considered discriminatory and retaliatory.

74. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing Defendant in an amount deemed sufficient by the jury.

## THIRD CAUSE OF ACTION

**(Equal Pay Act. Of 1963, 29 U.S.C., Chapter 8 sec. 206(d))**

75. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

76. Plaintiff, a female, worked with males in the same or similar position as Plaintiff and in the same workplace.

77. Plaintiff received significantly lower compensation for performing the same or similar work as her male counterparts.

78. Plaintiff did not receive equal pay to her male counterparts because of her gender.

79. Plaintiff and her male counterparts are covered employees as determined under the Fair Labor Standards Act.

80. The subjection of Plaintiff to unequal pay is a violation of the EPA.

81. Any employer who violates the provisions of section 215(a)(3) of the EPA shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3), including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

82. Plaintiff seeks damages including but not limited to, lost wages, liquidated damages for each violation, and attorneys' fees and costs.

83. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendant's violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

84. Plaintiff is entitled to the rights and remedies at law provided by the EPA including actual damages, compensatory damages, liquidated damages, and attorneys' fees.

**WHEREFORE,** Plaintiff prays this court for:

    a. A jury trial on all appropriate claims;

moreover, to enter judgment in favor of the Plaintiff by:

    b. Awarding Plaintiff an amount sufficient to fully compensate her (including tax consequences) for all economic losses of any kind, and otherwise make her whole in accordance with Title VII and the EPA;

    c. General damages;

    d. Special damages;

    e. An award of compensatory and punitive damages to be determined at trial;

    f. Liquidated damages in accordance with the EPA;

    g. Pre and post-judgment interest;

    h. An award of attorney's fees and costs; and

    i. Any other relief the court deems just and proper.

///

Dated this 29th Day of June, 2021.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HKM EMPLOYMENT ATTORNEYS, LLP**

*/s/ Jenny L. Foley*
**JENNY L. FOLEY, Ph.D., Esq.**
Nevada Bar No. 9017
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 577-3029
Fax: (702) 625-3893
E-mail: jfoley@hkm.com
*Attorney for Plaintiff*